UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETER IZQUIERDO )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>PEPSICO, INC., )<br>)<br>)<br>Defendant. )<br>_____) | Case No. |

## COMPLAINT

Plaintiff, Peter Izquierdo, (Plaintiff), by its undersigned attorney, hereby alleges the following against Defendant Pepsico, Inc. (Defendant):

## JURISDICTION AND PARTIES

1. This is an action for relief pursuant to Title I of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*

2. Venue is proper in this Court because Defendant is operates and does business in Chicago, Illinois and therefore resides in the Northern District of Illinois.

3. Title I of the Americans with Disabilities Act (ADA) prohibits discrimination against a qualified individual with a disability in regard to application, hiring, advancement, pay, training, discharge or other terms and conditions of employment.

4. Plaintiff is a person with a disability because he has a physical or mental impairment that substantially limits one or more major life activities (including

(including but not limited to cervical radiculopathy and fibromyalgia), including the operation of major bodily functions, such as neurological and brain functions, thinking, concentrating, and/or sleeping; because he has a record of such impairment; and/or because he was regarded as having such impairment.

5. Defendant is a person within the meaning of 42 U.S.C. § 12111(7) and § 2000e(a), and 29 C.F.R. § 1630.2(c); an employer within the meaning of 42 U.S.C. § 12111(5), § 2000e(b), and § 2000ff(2)(B), and 29 C.F.R. § 1630.2(e); and a covered entity within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2(b).

6. On or about December 13, 2018, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that Defendant discriminated against him by terminating his employment in violation of the ADA on the basis of disability.

7. The EEOC investigated the complainant's charge and declined to conclude that Defendant discriminated against the complainant. The EEOC mailed its Dismissal, Notice of Rights and Notice of Suit letter on February 14, 2019. Charge and Notice attached as Exhibit 1.

8. All conditions precedent to the filing of this action have been performed.

## FACTUAL ALLEGATIONS

9. Plaintiff was hired by Defendant in or around August 2015.

10. As a result of the work performed for Defendant and the conditions in the workplace controlled, operated and maintained by Defendant, Plaintiff suffered neurological problems and sickness related to the presence of mold, carbon dioxide and asbestos.

11. Plaintiff's condition can be controlled and does not unduly interfere with his ability to work.

12. Plaintiff performed his job successfully after being diagnosed with his medical issues above.

13. During the course of his employment, Plaintiff complained to his superiors about the presence of mold, carbon dioxide and asbestos in the workplace.

14. Plaintiff was terminated on or around March 8, 2017, without any form of progressive discipline.

## COUNT I – VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT

15. Plaintiff re-alleges the allegations of paragraphs 1-14 as paragraph 15.

16. Defendant terminated Plaintiff without any form of progressive discipline because he has an impairment that substantially limits one or more major life activities, has a record of such an impairment, and/or was regarded by Defendant as having an impairment. 42 U.S.C. §§ 12102, 12111, 12112; 29 C.F.R. §§ 1630.2, 1630.4.

17. As a result of Defendant's unlawful disability discrimination, the complainant has suffered significant monetary loss, including loss of earnings and other benefits, and has suffered severe emotional pain, suffering, and other nonpecuniary losses.

## Count II - Retaliatory Discharge (Health and Safety)

18. Plaintiff re-alleges the allegations of paragraphs 1-17 as paragraph 18.

19. Plaintiff was terminated on March 8, 2017.

20. Prior to his termination, Plaintiff had not been previously disciplined by Defendant.

21. Plaintiff's termination was retaliatory; namely, Plaintiff was terminated because h complained to his superiors about the presence of mold, carbon dioxide and asbestos in the workplace.

22. Plaintiff's termination violates a clearly mandated public policy to protect the health and safety of its citizens.

23. As a direct and proximate result of Defendant's breach, Plaintiff has been damaged in an amount in excess of $100,000.

Wherefore, Plaintiff requests compensatory and punitive damages against Defendant in an amount in excess of $100,000.

WHEREFORE, Plaintiff demands judgment against Defendant, and requests the following relief:

A. That this Honorable Court find in Plaintiff's favor and against Defendant on Count I;

B. That this Honorable Court find in Plaintiff's favor and against Defendant on Count II;

C. That this Honorable Court award reasonable attorneys' fees and costs (including expert fees) and other expenses of suit; and

D. That this Honorable Court awards such other and further relief as it deems necessary, just, proper, and appropriate.

Respectfully Submitted,


By: /s/ Charles McElvenny
    Charles McElvenny


Charles E. McElvenny
The Law Office of Charles E. McElvenny
120 N. LaSalle St.
Suite 1200
Chicago, IL 60602
312-291-8330
charlie@cemlawfirm.com